UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————————

ANTHONY GLENN BESTER

                               **Plaintiff,**

-against-                                       9:03-CV-1041

B. DIXION;  JAMES SERERIA;
and DICK RESTON,

                               **Defendants.**
————————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

     This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Gustave J. DiBianco, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3.  Plaintiff alleges that Defendants, Correctional Officers with the New York State Department of Correctional Services, sexually assaulted him on December 22, 2002 while he was confined in the Mental Health Unit at Auburn Correctional Facility.  See Am. Compl., dkt. # 18.  Presently before the Court is Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 arguing (1) Plaintiff did not properly serve Defendant Sereria with a summons and complaint, and (2) Plaintiff failed to exhaust his administrative remedies as required by the Prison

1

Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  See Defs. Mot. Sum. J., dkt. # 42 at 3, 5.  In support of their motion, Defendants filed a Notice of Motion; a Memorandum of Law;  a Local Rule 7.1(a)(3) Statement of Material Facts Not in Dispute; and documents and affidavits supporting the allegations contained in Defendants' 7.1(a)(3) Statement.  See dkt. # 42.

On September 8, 2006, Plaintiff filed his opposition to Defendants' motion. Dkt. # 43.  This opposition consisted of a one-and-a-half page hand-written letter in which Plaintiff asserted:

> Because I was denied the opportunity to make a paper trail of the crime committed against me, I must and need to face these defendants in a court of law. . .  I have no idea how to go about writing an answer [to the summary judgment motion] . . . [and] because of retaliation of some form or the other, . . . [no one] would help me in answering these legal papers.

Id.

Although the motion for summary judgment was essentially unopposed, Magistrate Judge DiBianco looked beyond the Defendants' assertions to see if Plaintiff had exhausted his administrative remedies under the Second Circuit's "three part inquiry" to determine whether an inmate fulfilled the PLRA exhaustion requirement.  See Rep. Rec., p. 6 [dkt. # 44] (citing Brownell v. Krom, 446 F.3d 305, 311-12 (2d Cir. 2006));[1] see also Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)(even on an unopposed summary judgment motion, the Court must be satisfied that the movant is legally entitled to judgment in its favor).   In doing so, Magistrate Judge

---

[1] The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether special circumstances justify the inmate's failure to comply with the exhaustion requirement. Brownell v. Krom, 446 F.3d at 311-12.

2

DiBianco considered the allegations in Plaintiff's Verified Amended Complaint and his statements made at his deposition. <u>See</u> generally Rep. Rec. After this careful review, Magistrate Judge DiBianco determined that Plaintiff had not exhausted his administrative remedies and, therefore, recommended that Defendants' Motion for Summary Judgment be granted and the Amended Complaint dismissed. <u>See</u> Rep. Rec., p. 12. Plaintiff filed objections to the Report-Recommendation, presenting new arguments and facts and contending that the "facts are substantially [in dispute] to warrant[] a trial." Obj., p. t 2 [dkt. # 46].

## II. DISCUSSION

When a party objects to a magistrate judge's report and recommendation, the Court reviews *de novo* those portions of the findings or recommendations to which the objections are made. See 28 U.S.C. § 636(b)(1); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." 28 U.S.C. § 636(b)(1).

Having reviewed the record *de novo* and considered the issues raised in Plaintiff's objections, the Court has determined to accept and adopt the recommendations of Magistrate Judge DiBianco for the reasons stated in the December 6, 2006 Report-Recommendation. A few points bear noting about Plaintiff's objections.

First, "the purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of law or fact contained in the report, not to

3

present new evidence and arguments that were not presented to the magistrate judge in the first instance." Issacs v. Smith, 2005 WL 1947811, at * 5 (S.D.N.Y. Aug. 12, 2005). The time to present factual arguments in opposition to the motion for summary judgment is before the Magistrate Judge issues his Report-Recommendation. In this regard, the Local Rules of the Northern District provide a mechanism for the efficient resolution of summary judgment motions - including those referred to a magistrate judge for a report and recommendation. See N.D.N.Y.L.R. 7.1(a)(3). This mechanism places the onus on the parties to marshal the evidence that either supports, or defeats, the motion. Id.[2] Simply stated, on a motion for summary judgment it is the duty of the parties, not the Court, to sift through the record and bring to the Court's attention the pertinent information that may create or defeat a triable issue of fact. See Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002); see also Monahan v. New York City Dep't of

---

[2] Local Rule 7.1(a)(3) requires a party moving for summary judgment to submit a "Statement of Material Facts" which

> shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits.

N.D.N.Y.L.R. 7.1(a)(3).

Once a properly supported Local Rule 7.1(a)(3) Statement is submitted, as was the case here, the Local Rules *require* that the party opposing summary judgment

> file a response to the [movant's] Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. <u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party</u>.

Id. (underscoring in original).

Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(The Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out.")(internal quotation marks and citations omitted). Summary judgment will be granted when it is apparent *on the facts presented* that no rational trier of fact could find in favor of the nonmoving party because evidence supporting the essential elements of the non-movant's claim is lacking. FED. R. CIV. P. 56(c); Celotex Corp., 477 U.S. at 322.

While the Court must construe a *pro se* litigant's pleadings and papers liberally and interpret them to raise the strongest arguments that they suggest, McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), the application of this lenient standard does not relieve a *pro se* litigant of the requirement to follow the procedural formalities on a summary judgment motion. Govan v. Campbell, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003); see also Faretta v. California, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); Edwards v. INS, 59 F.3d 5, 8 (2nd Cir. 1995)("While a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); McNeil v. United States, 113 S. Ct. 1980, 1984 (1993))("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Allowing Plaintiff to raise in his objections legal and factual arguments not presented to the Magistrate Judge defeats the very purpose of the report and

5

recommendation procedure - that is, to provide for the efficient resolution of matters through the synergist workings of the magistrate and district judges.  It also circumvents and renders meaningless the procedural rules on summary judgment motions.  Allowing a losing litigant to "fill the gaps" in his argument after reviewing the Report-Recommendation by asserting *de novo* opposition to the summary judgment motion results in a waste of scare judicial resources, delay in adjudication, and an overall lack of finality.

Second, even considering the arguments presented in Plaintiff's objections, the motion for summary judgment must still be granted.  Plaintiff's "objections" amount merely to broad conclusory allegations that, in most instances, contradict his deposition statements.  These allegations are insufficient to withstand a properly supported motion for summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-7 (1986)(If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  The nonmoving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts,); Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995)(The nonmoving party must show, by affidavits or other evidence, admissible in form, that there are specific factual issues that can only be resolved at trial.); Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991)(Factual argument based on "conjecture or surmise" are insufficient to defeat a properly supported motion for summary judgment.); Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (Conclusory allegations or unsubstantiated speculation are insufficient to defeat a properly supported motion for summary judgment.); Govan, 289 F. Supp.2d at

295 )(A plaintiff may not create a question of fact by simply making vague, conclusory allegations or broad denials.); <u>Hayes v. New York City Department of Corrections</u>, 84 F.3d 614, 619 (2d Cir. 1996)(a non-movant cannot create a question of fact sufficient to defeat summary judgment by submitting an affidavit that contradicts prior sworn testimony.); <u>see also</u> <u>Brown v. Peters,</u> 1997 WL 599355 at *2 (N.D.N.Y. 1997)(Where a litigant files general or conclusory objections or restates facts which do not direct the Court to a specific error in the magistrate judge's recommendations, the objections do not form a specific basis for rejecting the Report-Recommendation.)(citations omitted).

Plaintiff admits in his objections that he did not file a grievance.  Obj. p. 2.  Instead, he presents arguments in a futile attempt to bring his case into one of the exceptions to filing a grievance under the Second Circuit's "three part inquiry."   Under the first inquiry - whether the administrative remedies were available to the inmate - Plaintiff argues that because the Captain to whom he reported the purported sexual abuse "walked away from [him]" and did not seek medical attention for him, this blocked "plaintiff['s] start toward any available administrative remedies."  <u>Id.</u> p. 3.  While Plaintiff's argument seems to be more properly addressed to the second element - whether defendants' own actions inhibiting exhaustion estops them from raising the defense - this conclusory allegation that the Captain's omission somehow prevented him from filing a complaint about the underlying conduct is both unpersuasive and contrary to Plaintiff's deposition testimony.[3]  The Court

---

[3]As Magistrate Judge DiBianco pointed out,

> [P]laintiff claims that he wrote to the Inspector General's Office and spoke to an "investigator" named Townsend, who allegedly told plaintiff that he was investigating the issue and would be "sending a paper" to Albany. ([Dep] T[rans.] 27-30). Plaintiff also states that he attempted to contact the FBI in Utica, New York, but had no letters confirming any of these alleged

(continued...)

adopts Magistrate Judge DiBianco's conclusion as to the availability of remedies as stated on pages 9 -10 of the Report Recommendation.

Under the second inquiry, Plaintiff argues that

> two days after the assault had occurred, Plaintiff was transferred from Auburn to Marcy Correctional Facility . . .  which is one of New York['s] mental health correctional facilit[ies].   Therefore, it is very plausible to infer[] that plaintiff was held for an extended time of quarantine observation, where any attempt to establish any paper trail of the sexual assault . . . would have had to go through the hands of other corrections officers.

Obj. p. 4.   Plaintiff seemingly asks the Court to conclude that these "other corrections officers" would have covered for Defendants by not filing any grievance Plaintiff presented and, therefore, he should be excused from the filing requirement. Id.

The conclusory allegation that Plaintiff *might* have been held in "an extended time of quarantine observation," and the rank speculation that other officers *might* have thwarted Plaintiff's attempts to file a grievance *if* he had tried, are insufficient to create a question of fact sufficient to defeat summary judgment.  In addition, the argument is contrary to Plaintiff's deposition testimony in which he concedes that he *did* report the incident and spoke to an investigator about it. See fn. 3, *supra*.  The Court adopts Magistrate Judge DiBianco's recommendation finding no exception under the second inquiry. See Rep-Rec., p. 10-11.

On the third inquiry - whether special circumstances justify the inmate's failure to comply with the exhaustion requirement - Plaintiff merely repeats the arguments set forth

---

³(...continued)
attempts at obtaining an investigation of this incident. (T. 30).

Rep.-Rec. p. 10.

above. For the same reasons as already discussed, the Court finds these arguments unpersuasive and insufficient to create a genuine question of material fact to defeat the instant summary judgment motion. The Court adopts Magistrate Judge DiBianco's recommendation finding no exception under the third second inquiry. See Rep. Rec., p. 11-12.

## IV. CONCLUSION

For the reasons set forth in Magistrate Judge DiBianco's Report-Recommendation and as discussed above, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's action is **DISMISSED** in its entirety for failure to exhaust administrative remedies.

**IT IS SO ORDERED**

DATED:  March 27, 2007

Thomas J. McAvoy
Senior, U.S. District Judge